UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETE DIVISION

| | |
|---|---|
| **MARCUS J. WILLIAMSON** | **DOCKET NO. 22-CV-1273** |
| | **SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSPEH** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE AYO** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Marcus J. Williamson, who is proceeding pro se in this matter. Williamson is not currently incarcerated, but the claims giving rise to this matter seem to stem from a prosecution in Lafayette Parish. He names as defendants the State of Louisiana and District Attorney for Lafayette Parish, Donald Landry. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.    Background**

Williamson's complaint contains no factual allegations. Rather, he simply lists the following: "Fraud. Defamation of character. Mental pain & anguish & false imprisonment & lost (sic) of family time & lost wages & perjury & lost (sic) of my hair & wrongfly aquesed (sic) & hate crime & racial profiling. Trauma." Rec. Doc. 1, p. 3.

**II.   Law & Analysis**

*A.  Frivolity Review*

Williamson has been granted leave to proceed in forma pauperis in this matter. Rec. Doc. 5. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

B. **Section 1983**

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

C. **Rule 8 Considerations**

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

In accordance with this Order, plaintiff should amend his complaint to state:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

### D. Claims

1. *Mental Pain and Anguish*

To the extent Plaintiff intends to make claims of mental pain and anguish, he should be aware that 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, Plaintiff should amend to provide facts to support a claim for physical injury, required by § 1997e(e), before the Court can consider any claims of mental pain and anguish.

2. *False Imprisonment*

Plaintiff makes a vague claim of "false imprisonment" based on "perjury," of being "wrongly accused" of a "hate crime," and "racial profiling" and seemingly bases a claim for lost wages, lost family time and lost hair on the alleged false imprisonment. Rec. Doc. 1, p. 3. Plaintiff should amend to clarify whether there has been an adjudication of the criminal charges that comprise the basis of this complaint. If plaintiff was ultimately convicted of the charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such

time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477(1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* would not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

It is uncertain whether or not this case is governed by *Heck* or *Wallace*. Plaintiff should amend his complaint to provide information concerning the pending charges and whether those specific charges are still pending. He should provide a copy of the arrest report (if available) and

any Bill of Information charging him with the offenses. He should provide, if available, court minutes to establish whether any probable cause determinations were made with respect to the arrest of which he complains. If he does not have access to documentation, he should provide the Court with any information regarding a probable cause hearing following his arrest. He should provide information concerning future court proceedings relative to the pending charges. He should also name a specific defendant against whom he makes these allegations.

E. **Defendants**

 a. *District Attorney*

  i. *Individual Capacity*

Plaintiff names District Attorney Donald Landry as a defendant. Plaintiff appears to assert claims for damages against Landry based upon his actions as the prosecutor in connection with his state court criminal proceedings. To the extent that Plaintiff asserts these claims against Landry in his individual capacity, he is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *accord Hill v. City of Seven Points,* 31 Fed. Appx. 835, [published in full-text format at 2002 U.S. App. LEXIS 30214] 2002 WL 243261, at *10 (5th Cir. 2002); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

It is well-established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. *Cleavinger v. Saxner,* 474 U.S. 193, 200 (1985); *Quinn v. Roach*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial

process." *Id*. (quotation omitted); accord *Buckley v. Fitzsimmons,* 509 U.S. 259, 270, 272 (1993); *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability . . . under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); accord *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9; *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord *Champluvier v. Couch*, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10.

In the instant case, the actions of the defendant in connection with his prosecution of plaintiff in the 15th Judicial District Court appear to form the exclusive basis of plaintiff's claims against him. The defendant's actions in initiating and pursuing Williamson's prosecution and conviction fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff should amend to allege, if applicable, any action in which the district attorney was functioning outside the scope of prosecutorial immunity.

### ii. *Official Capacity*

To whatever extent, if any, that plaintiff's claim can be construed as a claim against defendant in his official capacity as the District Attorney for the 15th Judicial District of Louisiana, Plaintiff must amend to this sufficiently allege that Landry acted pursuant to a municipal policy or

6

custom." *Sharp v. Palmisano,* 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013).

> Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)) (quotation marks removed). 'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity .' *Id*. at 166.
>
> '[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation.' *Id*. (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (quotation marks removed). '[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.' *Id*. (quoting *Monell*, 436 U.S. at 694).
>
> '[A] policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.' *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989). 'Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers.' *Id*.

*Sharp*, 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *5.

### b. *State of Louisiana*

Under the Eleventh Amendment to the United States Constitution, an un-consenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana

has not waived her sovereign immunity under the Eleventh Amendment and is immune from suit in this action.

### III. Conclusion

Williamson must amend his complaint to address the deficiencies described above and to dismiss the claims that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Williamson at his last address on file.

**IT IS ORDERED** that Williamson amend his complaint within **forty (40) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). He is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers this 10th day of January, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE