UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARCUS J. WILLIAMSON

DOCKET NO. 22-CV-1273
SECTION P

VERSUS

JUDGE DAVID C. JOSPEH

STATE OF LOUISIANA, ET AL

MAGISTRATE JUDGE AYO

## REPORT AND RECOMMENDATION

Before the court is a complaint filed by Marcus J. Williamson, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

On May 11, 2022, Williamson filed a complaint that contained no factual allegations. Rather, he simply listed the following: "Fraud. Defamation of character. Mental pain & anguish & false imprisonment & lost (sic) of family time & lost wages & perjury & lost (sic) of my hair & wrongfly aquesed (sic) & hate crime & racial profiling. Trauma." Rec. Doc. 1, p. 3.

On January 10, 2023, the undersigned ordered Williamson to amend his complaint to address the certain deficiencies and to dismiss the claims that could not be cured through amendment. Doc. 11. On March 17, 2023, he was granted an extension of time in which to file same. Doc. 13. Williamson has not filed an amendment in accordance with the Order.

## II.
### LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Williamson has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Williamson's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of June, 2023.


_____

David J. Ayo
United States Magistrate Judge